IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14CR183 RAS/DDB |
| | § | |
| VICTOR KING WEBB | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 16, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

On December 19, 2002, Defendant was sentenced by the Honorable Barefoot Sanders, United States District Judge, to a sentence of 168 months imprisonment followed by a 5-year term of supervised release for the offense of Conspiracy to Manufacture, Possess With Intent to Distribute, and to Distribute a Controlled Substance. Defendant began his term of supervision on July 3, 2014. On December 1, 2014, this case was transferred to the Honorable Richard A. Schell.

On December 5, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) Defendant shall participate in a program approved by

the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It was ordered that Defendant contribute to the costs of service rendered (co-payment) at a rate of at least $10.00 per month.

The Petition alleges that Defendant committed the following violations: (1) On November 10, 2014 Defendant was instructed to submit a urine specimen for drug testing at the U.S. Probation Office, at which time he attempted to use a tampering device to submit someone else's urine to avoid illegal drug use detection. It is alleged he committed the offense of Falsification of Drug Test Results, which is a violation of Texas Health & Safety Code - Section 481.133, and is a Class B Misdemeanor; (2) On July 7, 2014, Defendant admitted verbally to taking his mother's prescription medication for anxiety believed to be Klonopin; (3) Defendant submitted urine specimens on September 12 and 16, 2014 which tested positive for methamphetamine. He admitted verbally and in writing on September 18, 2014 to said drug use; (4) On November 10, 2014, after attempting to submit a false urine specimen, Defendant admitted verbally and in writing to using methamphetamine on or about November 8, 2014; (5) On November 24, 2014 Defendant submitted a urine specimen which tested positive for methamphetamine. He admitted verbally he used said substance the previous day; (6) On October 28, and December 2, 2014, Defendant was instructed to submit a urine specimen for drug testing at the U.S. Probation Office. He failed to submit a specimen as instructed; (7) Defendant failed to attend substance abuse treatment at Pillar Counseling in Plano, Texas, on November 5, 2014 as directed; and (8) On November 11, and December 1, 2014 Defendant failed to submit a urine specimen for drug testing to treatment provider Bob Alterman as instructed as part of the random drug testing program.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 16, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-seven (27) months, with no supervised release to follow, to run consecutively to any other sentence being served.

**SIGNED this 4th day of May, 2015.**

                                                                    _____
                                                                    DON D. BUSH
                                                                    UNITED STATES MAGISTRATE JUDGE